HALL, Judge.
Plaintiff filed suit in workmen’s compensation on December 8, 1964, against his self-insured employer alleging total and permanent disability from an accident received by him on February 26, 1962, during the course and scope of his employment. He prayed for maximum compensation benefits together with medical benefits up to $2,500.-00. He prosecutes this appeal from a judgment dismissing his suit on an exception of prematurity.
In Article VI of his original petition, plaintiff made the following allegation:
“Plaintiff has received from defendant monthly payments under defendant’s company disability plan from the time of his injury to the present date, but has never been paid any workmen’s compensation by defendant, the latter having advised petitioner in effect that said payments being disbursed by it are in lieu of workmen’s compensation as being in the nature of workmen’s compensation. Petitioner herein asserts his right to collect workmen’s compensation in addition to the company disability benefits heretofore paid in lieu of workmen’s compensation and to be paid in the future.” (Emphasis supplied)
Based on plaintiff’s allegation that no workmen’s compensation had been paid, defendant filed a plea of prescription, the suit having been filed more than one year after the date of the injury. Defendant also filed an alternative exception of prematurity.
Following argument on both exceptions, the Trial Court without rendering judgment on either, entered an order allowing plaintiff fifteen days in which to amend so as to negative prescription. Within the delay allowed, plaintiff amended Article VI of his petition so as to read as follows:
“Petitioner has received from defendant monthly payments of Two Hundred Thirty and 18/100 ($230.18) Dollars from the time of his injury to the present date, part of which amount represents workmen’s compensation-benefits, and the remainder of which represents benefits provided by defendant’s company disability or retirement plan. Petitioner has been informed by defendant, and believes, and on such information and belief alleges, that defendant, in making the aforesaid payments of Two Hundred Thirty and 18/100 ($230.18) Dollars per month, is allowing itself a credit for that part thereof which represents workmen’s compensation benefits paid. Petitioner therefore asserts his rights herein to collect workmen’s compensation benefits in addition to what is due and owing to him under defendant’s company disability or retirement plan.” (Emphasis supplied)
Following this amendment the case came on again for hearing on both exceptions. In connection with that hearing the parties entered into a written stipulation that an affidavit by R. C. Oliver attached thereto and filed in the record “represents the testimony of the said R. C. Oliver should he be called as a witness on the trial of this exception and testify as a witness of the defendant in connection with the exception of prematurity filed herein.” The stipulation further provides “that the Court may consider said affidavit as evidence adduced by the defendant in support of its exception of prematurity.” This affidavit stands un-contradicted and no other evidence was offered by either party.
*235 Based on plaintiff’s pleading's and the facts disclosed by the affidavit, the Trial Court maintained the exception of prematurity, hut did not pass upon the exception of prescription.
It is conceded by defendant that plaintiff is totally and permanently disabled as a result of the accident on February 26, 1962; that he has been unable to and has not done any work of any character since the accident and that he is entitled to compensation at the maximum rate of $35.00 per week for 400 weeks plus maximum medical expenses of $2,500.00. Defendant contends that it has fully discharged all of its liability under the compensation statute by having paid to plaintiff $35.00 per week as compensation from the date of the accident through March 1, 1965 (the exceptions were submitted to the Trial Court on March 5, 1965) and that it has also paid him in excess of the statutory maximum as medical expenses.
The affidavit of Mr. R. C. Oliver, assistant manager of defendant’s Employee Relations Department, admitted in evidence under the stipulation, shows that plaintiff was a beneficiary under the “Humble Benefit Plan” in which the defendant, Humble Pipe Line Company is a participating employer, and that this Plan “has the objective of providing continuation of income at a specified level for the employee who becomes unable to work.” Further describing the plan the affidavit continues:
“Where 'government benefits,’ such as workmen’s compensation and social security payments, are not sufficient to bring the income of the employee up to this level, the Plan is designed to bridge the gap. The Plan, therefore, takes into account any benefits that a disabled employee may be eligible to receive under the provisions of local, state or federal law.”
The affidavit goes on to state: that plaintiff’s wages as of the date of the accident amounted to $583.00 per month, and that under the Plan he received full pay for a period of twenty-six weeks following his injury, which payments consisted of $35.00 per week in workmen’s compensation benefits with the balance being made up of Plan benefits. On August 26, 1962 benefits under the provisions of the Plan were reduced to pay or $388.67 per month, consisting of $35.00 per week in workmen’s compensation and the remainder in Plan benefits'^ Payments at this rate were continued un-till April 1, 1964, at which time plaintiff’s retirement became effective. From April 1, 1964 to date of the affidavit (March 5, 1965) plaintiff has received $230.18 per month. The affidavit states: “The Plan provides that -there shall be offset against this amount any government benefits (except Veteran’s Administration), including workmen’s compensation. His present monthly income thus consists of $151.67 (the equivalent of $35.00 per week) in workmen’s compensation benefits plus $78.51 in the Plan benefits.” Attached to the affidavit are exhibits showing the details of all the payments made to plaintiff. Defendant contends that plaintiff has been paid in full all workmen’s compensation due him together with $3,754.70 in medical benefits (the $1,254.70 paid in excess of the statutory maximum of $2,500.00 was charged against plaintiff’s Plan benefits).
Plaintiff contends that he is entitled to be paid workmen’s compensation in addition to the Plan benefits. He makes this contention in spite of the admission in his pleading that workmen’s compensation was included in the amounts paid him. Indeed it was necessary for him to admit the payment of workmen’s compensation to him in order to stay in court because otherwise his suit would be prescribed. In spite of this admission plaintiff now in effect raises the question whether the “Humble Benefit Plan” (which is a contract between him and defendant) provides for the payment of workmen’s compensation out of Plan benefits, and if so whether such a provision should not be nullified by the Court as being against public policy, citing LSA-R.S. 23.:-1033.
*236 A copy of the “Humble Benefit Plan” is not in evidence. The only evidence in the case is Mr. Oliver’s affidavit and this affidavit tends to warrant the conclusion that the Plan contemplates that benefits thereunder, as to any employee unable to work by reason of a compensable injury, would be allocated first to satisfy any workmen’s compensation due, the balance remaining to be payable as benefits.
However if the Plan does not so provide, and if plaintiff should be entitled to workmen’s compensation in addition to all sums payable under the Plan, the result would be that plaintiff has received no workmen’s compensation benefits whatever since the date of his accident.
Whether or not the Plan so provides is, in our opinion, immaterial to our decision in the present case.
Either plaintiff was paid in full all workmen’s compensation due him (plus maximum statutory medical benefits) from the date of his injury to the date the matter was heard below, or plaintiff has been paid no workmen’s compensation benefits whatever. If he has been receiving workmen’s compensation, as in fact he has admitted in his pleading, his suit is premature and the Trial Court properly maintained the exception of prematurity. (See LSA-R.S. 23:1314). If he has not received any workmen’s compensation benefits his suit is prescribed. (See LSA-R.S. 23:1209).
. The exception of prescription is still open, not having been decided by the Trial Judge. We see no reason for remanding the case in order to determine definitively the rights of the parties under the “Humble Benefit Plan.” Plaintiff’s suit must be dismissed in any event and plaintiff cannot complain that the dismissal was “without prejudice,” as premature, by the District Court.
For the foregoing reasons the judgment appealed from is affirmed; costs of this appeal to be borne by plaintiff-appellant.
Affirmed.